UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FANNIE TARTT and ALBERT TARTT, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BIO-LAB, INC. and KIK CONSUMER PRODUCTS INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4407-SEG |
| TONYA LONG, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIO-LAB, INC. and KIK CUSTOM PRODUCTS, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4411-SEG |
| BESSIE HOLLINGSWORTH, KASSEY NICOLE GOOLSBY, ERNESTINE SIMMONS, and LISA WISE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BIO-LAB, INC. and KIK CONSUMER PRODUCTS, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4414-SEG |

| | |
|---|---|
| CHERI FORTE, individually, on behalf of her minor child L.C., and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KIK INTERNATIONAL LLC d/b/a KIK Consumer Products, and BIO-LAB, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4453-SEG |
| NAYELY REYES, ERNESTO ESPENOSA, LOFTON KING, DARRELL PHILLIP, and JALISA PHILLIP, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BIO-LAB, INC. and KIK CONSUMER PRODUCTS, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4463-SEG |
| DAVID TZIKAS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BIO-LAB, INC. and KIK CUSTOM PRODUCTS, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4471-SEG |

| | |
|---|---|
| CHRISTINE SMITH, KISHA REID, SHEILA GLENN, and ROCK CITY CYCLES, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BIO-LAB, INC., KIK CONSUMER PRODUCTS, INC., and KIK CUSTOM PRODUCTS, INC.,<br><br>      Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4492-SEG |
| ABIGAIL LONGMORE, MATTHEW JACKSON, and LUCAS KUFFREY, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>BIO-LAB, INC. and KIK CONSUMER PRODUCTS, INC.,<br><br>      Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4494-SEG |
| TRACEY LATRICE HERD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>BIO-LAB, INC. and KIK CONSUMER PRODUCTS, INC.,<br><br>      Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4507-SEG |

| | |
|---|---|
| TT OF CONYERS, INC. d/b/a Conyers Nissan, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BIOLAB INC. and KIK CUSTOM PRODUCTS, INC. d/b/a KIK Consumer Products,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4509-SEG |
| BARBARA WATSON and QUIANA CARSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BIO-LAB, INC. and KIK CONSUMER PRODUCTS, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4518-SEG |
| TIARA DOTSON, SHONDA FAVORS, and WARE HAULING, LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BIO-LAB, INC. and KIK CUSTOM PRODUCTS INC. d/b/a KIK Consumer Products,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4561-SEG |

| | |
|---|---|
| HOUNDS TOWN – ATLANTA – CONYERS and AMANDA MCDOWELL, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:24-cv-4636-SEG |
| BIO-LAB, INC., a Delaware Corporation, and KIK CUSTOM PRODUCTS INC., a Delaware Corporation, | |
| Defendants. | |
| JHENKIA MOORE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:24-cv-4651-SEG |
| BIO-LAB, INC., a Delaware Corporation, and KIK CUSTOM PRODUCTS INC., a Delaware Corporation, | |
| Defendants. | |

| | |
|---|---|
| DEMOND DAVIS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>BIO-LAB, INC. and KIK CUSTOM PRODUCTS, INC.,<br><br>     Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4767-SEG |
| CHASITY HAND, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>BIO-LAB, INC. and KIK CONSUMER PRODUCTS, INC.,<br><br>     Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4840-SEG |
| BRANDON HAMILTON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br>BIO-LAB, INC. and KIK CUSTOM PRODUCTS INC.,<br><br>     Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4866-SEG |

6

| | |
|---|---|
| NOEL HUMPHREY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIO-LAB, INC. and KIK CUSTOM PRODUCTS, INC.,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br><br>1:24-cv-4977-SEG |

# **O R D E R**

There are several motions to consolidate pending before the Court. After careful consideration, the Court enters the following order.

## I.　Background

The eighteen above-captioned cases stem from a fire that recently engulfed a chemical plant in Conyers, Georgia. The chemical facility is owned by Bio-Lab, Inc. ("Bio-Lab"), a company that manufactures swimming pool chemicals. (First Am. Compl.; Doc. 55 ¶ 4).[1] On September 29, 2024, the Bio-Lab plant erupted into flames, sending a "toxic chemical plume" into the air.

---

[1] The factual allegations are derived from the amended complaint in *Tartt v. Bio-Lab, Inc.*, Civil Action No. 1:24-cv-4407-SEG, the first of the Bio-Lab cases to be filed.

7

(*Id.* ¶ 49.) The plume was so large that it could be seen from 30 miles away. (*Id.*)



Figure 1. (*Id.* ¶ 50.)

According to the *Tartt* complaint, local authorities directed residents to immediately evacuate from the areas surrounding the Bio-Lab facility, leading to the displacement of over 17,000 people. (*Id.* ¶¶ 58-59.) Authorities later issued a shelter-in-place order for all residents of Rockdale County. (*Id.* ¶ 63.) The Georgia Environmental Protection Division ("GEPD") and the United

8

States Environment Protection Agency responded to the incident, and detected chlorine emissions resulting from the fire. (*Id.* ¶¶ 80, 82, 85, 91, 93.) Plaintiffs in the various cases before the Court seek damages for the alleged effects of the Bio-Lab chemical fire on their property, the interruption the fire caused to their lives and businesses, and the health effects they allegedly suffered or will suffer from exposure to substances released from the Bio-Lab plant.

Between September 30, 2024, and October 30, 2024, eighteen putative class action cases (the "Cases") related to the Bio-Lab fire—presenting similar allegations—were filed in this Court:

| | |
|---|---|
| 1:24-CV-04407-SEG | *Tartt v. Bio-Lab, Inc.* |
| 1:24-CV-04411-SEG | *Long v. Bio-Lab, Inc.* |
| 1:24-CV-04414-SEG | *Hollingsworth v. Bio-Lab, Inc.* |
| 1:24-CV-04453-SEG | *Forte v. KIK International, LLC* |
| 1:24-CV-04463-SEG | *Reyes et al v. Bio-Lab, Inc.* |
| 1:24-CV-04471-SEG | *Tzikas v. Bio-Lab, Inc.* |
| 1:24-CV-04492-SEG | *Smith v. Bio-Lab, Inc.* |
| 1:24-CV-04494-SEG | *Longmore v. Bio-Lab, Inc.* |
| 1:24-CV-04507-SEG | *Herd v. Bio-Lab, Inc.* |
| 1:24-CV-04509-SEG | *TT of Conyers, Inc. v. BioLab, Inc.* |
| 1:24-CV-04518-SEG | *Watson v. Bio-Lab, Inc.* |
| 1:24-CV-04561-SEG | *Dotson v. Bio-Lab, Inc.* |

| | |
|---|---|
| 1:24-CV-04636-SEG | *Hounds Town - Atlanta - Conyers v. Bio-Lab, Inc.* |
| 1:24-CV-04651-SEG | *Moore v. Bio-Lab, Inc.* |
| 1:24-CV-04767-SEG | *Davis v. Bio-Lab, Inc.* |
| 1:24-CV-04840-SEG | *Hand v. Bio-Lab, Inc.* |
| 1:24-CV-04866-SEG | *Hamilton v. Bio-Lab, Inc.* |
| 1:24-CV-04977-SEG | *Humphrey v. Bio-Lab, Inc.* |

Rockdale County also filed suit against Bio-Lab, seeking to close Bio-Lab's facility and recover damages.[2]

Three motions to consolidate have been filed. On October 10, 2024, the Plaintiffs in *Longmore*[3] moved for an order to consolidate the putative class action cases that had been filed at the time of their motion, as well as future related cases. (Doc. 9 of *Longmore*.) Shortly thereafter, the parties in *Tzikas*[4] moved for an order to consolidate the putative class action cases that had been filed at the time of their motion, as well as future related cases, under the

---

[2] *Rockdale Cnty. v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04916-SEG.

[3] *Longmore v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04494-SEG.

[4] *Tzikas v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04471-SEG.

10

*Tzikas* case.  (Doc. 28 of *Tzikas*.)  The Plaintiffs in *Tartt*,[5] *Long*,[6] and *Dotson*[7] also moved for an order to consolidate the putative class action cases that had been filed at the time of their motion, under the lead docket of *Tartt*.  (Doc. 43 of *Tartt*; Doc. 29 of *Long*; Doc. 13 of *Dotson*.)

On October 29, 2024, the Court held a status conference in all of the above-listed cases to address several issues including consolidation, communications with putative class members, preservation of evidence, expedited discovery, and the process for appointing interim class counsel. During the conference, the Court directed that any party who wished to object to case consolidation or to otherwise be heard on the matter should file its objection or other position statement on the record by November 1, 2024.  No such objection or other statement pertaining to consolidation has been filed.

## II.     Consolidation of the Cases

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). This rule "codifies a district

---

[5] *Tartt v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04407-SEG.

[6] *Long v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04411-SEG.

[7] *Dotson v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04561-SEG.

11

court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (cleaned up).[8]  While a district court's decision to consolidate multiple actions is "purely discretionary," courts in the Eleventh Circuit are encouraged to "make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313-14 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) and *Young*, 59 F.3d at 1169).  In exercising their discretion, courts weigh

> several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

*Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (citing *Hendrix*, 776 F.2d at 1495).

---

[8] Indeed, "[t]he law is clear that district courts are authorized to consolidate cases . . . *sua sponte*, without a motion from the parties." *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (quoting *Pigott v. Sanibel Dev., LLC*, Civil Action Nos. 07-0083-WS-C, 07-0691-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007) (collecting cases)).

Consolidation of the eighteen putative class actions related to the Bio-Lab fire is warranted. The Cases stem from the same incident and bring largely the same claims on behalf of similar putative classes of Plaintiffs. *See Eghnayem*, 873 F.3d at 1314 (finding that consolidation was appropriate where plaintiffs "brought the same claims based largely on the same facts"); *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) ("A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." (cleaned up)). Because resolution of the Cases will involve common questions of law and fact, allowing the cases to proceed separately would risk "inconsistent adjudications of common factual and legal issues[.]" *Eghnayem*, 873 F.3d at 1314 (quoting *Hendrix*, 776 F.2d at 1495). Moreover, consolidating the Cases will significantly ease the burdens and expense on the litigants and witnesses, and will aid the Court in promoting an efficient litigation process. *See, e.g.*, *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (granting motion to consolidate, in part, to "ease the burdens placed on the [P]arties and witnesses and . . . this Court"); *Miller v. Beazer Homes USA, Inc.*, No. CIV A 107CV-1098-RWS, 2007 WL 3005332, at *1 (N.D. Ga. Oct. 11, 2007) ("[C]onsolidating these actions will avoid unnecessary waste of judicial resources and additional costs

13

and delay to the parties."). Managing pretrial proceedings in eighteen separate cases or conducting eighteen individual trials would be extraordinarily expensive and time-consuming for all involved. The parties appear to agree: Defendants have jointly moved for consolidation in the *Tzikas* case, and no party has opposed consolidation.[9]

Accordingly, the Court finds that consolidation of the eighteen putative class actions related to the Bio-Lab fire is appropriate, and that no party will be prejudiced by consolidation.[10] Consistent with this district's custom, the Court will consolidate the Cases under the caption of the first-filed case, *Tartt*

---

[9] *Tzikas v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04471-SEG. (Doc. 28 of *Tzikas*.)

[10] At this stage, the Court will not consolidate Rockdale County's suit (*Rockdale Cnty. v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04916-SEG) with the eighteen putative class actions. The County's case is not brought as a class action and it involves several distinct factual and legal issues, including certain requests for injunctive relief not sought in the other cases. The Court considers it prudent to maintain separate dockets for the County suit and the related putative class actions. While the County suit won't be consolidated, the Court does see the need for coordination between the parties, particularly with respect to discovery. To that end, the Court plans to hold joint hearings and conferences in both cases whenever appropriate. *See* Fed. R. Civ. P. 42(a)(1) ("If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions[.]")

In addition, the Court will not preemptively consolidate all future related actions. Future cases may present different factual and legal issues and may seek distinct forms of relief. The Court will instead evaluate whether the consolidation of future-filed actions is warranted on a case-by-case basis.

*v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04407-SEG. *See, e.g., Bedont*, 2022 WL 3702117, at *3 (consolidating five putative class actions under the caption of the first-filed case); *Leftwich v. Georgia*, No. 1:21-CV-5063-MHC, 2022 WL 4009899, at *2 (N.D. Ga. Jan. 26, 2022) ("As the King Action was filed prior to the Complaint in the instant case, the cases should properly be consolidated [under that action]."); *Miller*, 2007 WL 3005332, at *1 (consolidating four putative class actions under the caption of the first-filed case).

### III. Conclusion

For the foregoing reasons, the Motion for Consolidation filed in *Tartt*, *Long*, and *Dotson* is **GRANTED**. (Doc. 43 of *Tartt*; Doc. 29 of *Long*; Doc. 13 of *Dotson*.) The Court hereby **CONSOLIDATES** the following cases:

| | |
|---|---|
| 1:24-CV-04407-SEG | *Tartt v. Bio-Lab, Inc.* |
| 1:24-CV-04411-SEG | *Long v. Bio-Lab, Inc.* |
| 1:24-CV-04414-SEG | *Hollingsworth v. Bio-Lab, Inc.* |
| 1:24-CV-04453-SEG | *Forte v. KIK International, LLC* |
| 1:24-CV-04463-SEG | *Reyes et al v. Bio-Lab, Inc.* |
| 1:24-CV-04471-SEG | *Tzikas v. Bio-Lab, Inc.* |
| 1:24-CV-04492-SEG | *Smith v. Bio-Lab, Inc.* |
| 1:24-CV-04494-SEG | *Longmore v. Bio-Lab, Inc.* |
| 1:24-CV-04507-SEG | *Herd v. Bio-Lab, Inc.* |
| 1:24-CV-04509-SEG | *TT of Conyers, Inc. v. BioLab, Inc.* |

| | |
|---|---|
| 1:24-CV-04518-SEG | *Watson v. Bio-Lab, Inc.* |
| 1:24-CV-04561-SEG | *Dotson v. Bio-Lab, Inc.* |
| 1:24-CV-04636-SEG | *Hounds Town - Atlanta - Conyers v. Bio-Lab, Inc.* |
| 1:24-CV-04651-SEG | *Moore v. Bio-Lab, Inc.* |
| 1:24-CV-04767-SEG | *Davis v. Bio-Lab, Inc.* |
| 1:24-CV-04840-SEG | *Hand v. Bio-Lab, Inc.* |
| 1:24-CV-04866-SEG | *Hamilton v. Bio-Lab, Inc.* |
| 1:24-CV-04977-SEG | *Humphrey v. Bio-Lab, Inc.* |

The cases listed above shall be consolidated under Civil Action No. 1:24-CV-04407-SEG.  The parties are **DIRECTED** to make any filings related to the consolidated cases on the docket of Civil Action No. 1:24-CV-04407-SEG.

The Clerk is **DIRECTED** to (1) file this order in all the cases listed above, (2) administratively close all the cases listed above except for the lead case; and (3) change the caption of the lead case, Civil Action No. 1:24-CV-04407-SEG, from "*Tartt v. Bio-Lab, Inc.*" to "*In re Bio-Lab Class Actions*".

The Clerk is also **DIRECTED** to file the following documents from the above-listed cases on the docket of the lead case, Civil Action No. 1:24-CV-04407-SEG: (a) Motion for Preservation of Evidence (Doc. 11) in *Long v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04411-SEG; (b) Motion to Appoint Interim

Counsel (Doc. 9) in *Longmore v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04494-SEG; and (c) Stipulated Order to Preserve Evidence (Doc. 34) in *Tzikas v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04471-SEG.

The other pending motions to consolidate are **DEEMED MOOT**.[11] The Court will enter deadlines for the filing of a Consolidated Amended Complaint and Defendants' answer following the appointment of interim class counsel.

**SO ORDERED** this 5th day of November, 2024.

_____
SARAH E. GERAGHTY
United States District Judge

---

[11] Motion for Consolidation filed in *Longmore v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04494-SEG (Doc. 9 of *Longmore*); Joint Motion for Consolidation filed in *Tzikas v. Bio-Lab, Inc.*, Civil Action No. 1:24-CV-04471-SEG (Doc. 28 of *Tzikas*).

17